UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN SOLAK, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>SANOFI, CHRISTOPHER VIEHBACHER, DAVID MEEKER and JEROME CONTAMINE,<br><br>       Defendants. | Case No. 13 CIV 8806 (PAE) |
| VINCENT STASIULEWICZ, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>    v.<br><br>SANOFI PHARMACEUTICALS, INC., CHRISTOPHER VIEHBACHER, DAVID MEEKER and JEROME CONTAMINE,<br><br>       Defendants. | Case No. 13 CIV 8991 (PAE) |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT GLENN TONGUE AND DEERHAVEN CAPITAL MANAGEMENT'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF LEAD PLAINTIFF AND <u>LEAD  AND LIAISON COUNSEL</u>**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................2

III. ARGUMENT........................................................................................................3

    A. The Related Actions Should Be Consolidated........................................3

    B. Movant Should Be Appointed Lead Plaintiff .........................................4

        1. Movant's Motion Is Timely ..........................................................5

        2. Movant Has the Largest Financial Interest in the Relief Sought by the Proposed Class ..................................................5

        3. Movant Satisfies Rule 23's Typicality and Adequacy Requirements ..............................................................................6

            a. Movant Is Typical ..............................................................6

            b. Movant Is Adequate ...........................................................7

    C. The Court Should Approve Movant's Selection Of Counsel .................7

IV. CONCLUSION.....................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baughman v. Pall Corp.*,
  250 F.R.D. 121 (E.D.N.Y. 2008) ...................................................................................7

*Constance Sczesny Trust v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................................1, 4

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ...................................................................................4

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ....................................................................................... 7-8

*In re Crayfish Co. Sec. Litig.*,
  No. 00 Civ.6766IDAB, 2002 WL 1268013 (S.D.N.Y. June 6, 2002) .........................7

*In re Fuwei Films Sec. Litig.*,
  247 F.R.D. 432 (S.D.N.Y. 2008) ...................................................................................6

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
  163 F.R.D. 200 (S.D.N.Y. 1995) ...................................................................................6

*Olsen v. New York Cmty. Bancorp, Inc.*,
  233 F.R.D. 101 (E.D.N.Y. 2005) ...................................................................................4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
  229 F.R.D. 395 (S.D.N.Y. 2004) ................................................................................6, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...........................................................................6

**STATUTES**

15 U.S.C. § 77z-1 ..........................................................................................................2, 4, 5, 7

15 U.S.C. § 78u-4 ................................................................................................................ *passim*

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

Securities and Exchange Act of 1934 .............................................................................1, 2, 4

I.   **INTRODUCTION**

Pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), and for the reasons set forth below, Glenn Tongue, individually and in his capacity as General Partner of Deerhaven Capital Management ("Movant"), respectfully moves this Court for an Order consolidating the Related Actions (defined herein), appointing Movant as Lead Plaintiff on behalf of itself and all others similarly situated (the "Proposed Class") who, from March 6, 2012 through November 7, 2013, inclusive (the "Proposed Class Period"), purchased or otherwise acquired Sanofi ("Sanofi" or the "Company") contingent value rights ("CVRs" or "shares") and incurred damages as a result of Defendants' violations of the federal securities laws, and appointing Movant's counsel The Weiser Law Firm, P.C. (the "Weiser Firm") as Lead Counsel for the Proposed Class and Harwood Feffer LLP ("Harwood Feffer") as Liaison Counsel for the Proposed Class.

Two securities class actions are pending in this District: *Solak v. Sanofi, et al.*, Case No. 13 CIV 8806 filed on December 11, 2013 (the "*Solak* Action"), and *Stasiulewicz v. Sanofi Pharm., Inc., et al.*, Case No. 13 CIV 8991 filed on December 18, 2013 (the "*Stasiulewicz* Action" and collectively with the *Solak* Action, the "Related Actions"). On behalf of the Proposed Class, the Related Actions allege violations by Sanofi and certain of Sanofi's executive officers of §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

After consolidation, the PSLRA sets forth the process for determining which movant is the "'most adequate' plaintiff." *See Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 322 (S.D.N.Y. 2004) (citation omitted). The "most adequate plaintiff" is the "person or group of persons" who have the "largest financial interest in the relief sought by the class," and who make

1

a *prima facie* showing of typicality and adequacy under Fed. R. Civ. P. 23 ("Rule 23"). 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); s*ee also* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). Movant respectfully submits that they are the most adequate plaintiff. Movant suffered losses of $343,863.51 during the Class Period as a result of Defendants' misleading conduct. Movant is unaware at this time of any other movant with a greater loss. Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because they have "the largest financial interest in the relief sought by [the] class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movant is represented in this action by the Weiser Firm and Harwood Feffer, who is seeking appointment as lead counsel and liaison counsel and is eminently qualified to prosecute securities class action claims such as this one.

## II. BACKGROUND[1]

Sanofi is a global pharmaceutical group engaged in the research, development, manufacture and marketing of healthcare products. *Solak* Compl. at ¶ 2. Sanofi is the fifth largest pharmaceutical group in the world and the third largest pharmaceutical group in Europe. *Id*. On or around February 16, 2011, Sanofi signed an agreement to acquire Genzyme Corporation ("Genzyme") and substantially all of Genzyme's assets. *Id* at ¶ 4. One of the most important drugs in development by Genzyme at the time of the acquisition was Lemtrada, a treatment for multiple sclerosis ("MS"). *Id* at ¶ 5. Sanofi (and Genzyme as its subsidiary) strongly touted the efficacy and safety of Lemtrada, by directing investors' attention to two pivotal studies which the Company claimed demonstrated the safety and efficacy of Lemtrada. *Id*. at ¶ 5. In connection with the Genzyme acquisition, Sanofi agreed to amend the outstanding tender offer to acquire all of the outstanding shares of common stock of Genzyme (the

---

[1] The citations below are to the operative complaint in the *Solak* Action and are referenced herein as "*Solak* Compl. at ¶ _."

"Genzyme Shares") in order to increase the price per share from $69.00 to $74.00 in cash plus one CVR to be issued by Sanofi, subject to and in accordance with a CVR Agreement, per Genzyme Share. *Solak* Compl. at ¶ 6.

Pursuant to the terms of the CVR Agreement, a holder of a CVR is entitled to cash payments upon the achievement of certain milestones, including based on U.S. regulatory approval of Lemtrada for treatment of MS, and on achievement of certain aggregate Lemtrada sales thresholds. *Id*. at ¶ 8.

Throughout the Class Period, Defendants misrepresented to investors the efficacy and safety of the Company's MS drug Lemtrada. *Id*. at ¶ 9. The Company also misled investors regarding the design of its two Lemtrada pivotal trials, the 323 and 324 trials, specifically failing to disclose that the trials contained high levels of placebo effect and observer bias which tainted the results, and thereby lowered the likelihood of approval of Lemtrada by the FDA. *Id*. at ¶ 9. On November 8, 2013, the FDA Advisory Committee on Peripheral and Central Nervous System Drugs issued a briefing report (the "Briefing Report") in advance of its November 13, 2013 hearing. *Id*. at ¶ 10. The Briefing Report sharply criticized the Company's submission to the FDA, and found that "significant concerns exist regarding the safety profile of alemtuzumab [Lemtrada] and the adequacy of the efficacy data." *Id*. at ¶ 10. On this news, Sanofi's CVRs declined $1.23 per share, or nearly 62%, to close at $0.77 per share on November 8, 2013 on volume of over 30 million shares. *Solak* Compl. at ¶ 11.

III.  ARGUMENT

    A.  The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15

3

U.S.C. §78u-4(a)(3)(B)(ii); *see also Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 104 (E.D.N.Y. 2005) ("the Court must decide any motion to consolidate prior to deciding a motion for appointment of lead plaintiff in a proposed securities class action."); 15 U.S.C. §77z-1(a)(3)(B)(ii). There are at least two related securities class actions pending in this District on behalf of investors who purchased Sanofi shares during the Proposed Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Solak v.Sanofi, et al.* | 13 CIV 8806 | December 11, 2013 |
| *Stasiulewicz v. Sanofi Pharmaceuticals, Inc., et al.* | 13 CIV 8991 | December 18, 2013 |

Consolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports and where consolidation would not prejudice the defendants *Constance Sczesny Trust*, 223 F.R.D. at 322 (internal quotations omitted). Here, the Related Actions present similar factual and legal issues, arising, in part, out of the same alleged course of misconduct, and involve the purchase of Sanofi shares during an identical Proposed Class Period and seeks to represent the same member of the Proposed Class. Accordingly, consolidation is appropriate

### B. Movant Should Be Appointed Lead Plaintiff

The PSLRA provides a straightforward process for selecting the "most adequate plaintiff" for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. §78u-4(a)(3)(B); 15 U.S.C. §77z-1(a)(3)(B). Pursuant to the PSLRA, the Court is to appoint the "person or group of persons" with the largest financial interest in the relief sought by the class that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B); 15 U.S.C. §77z-1(a)(3)(B); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011). The "most adequate plaintiff"

presumption attaching to such an applicant may be rebutted only upon "proof" that it "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also* 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). Here, Movant is the "most adequate plaintiff" because: (i) it has complied with all of the PSLRA's procedural requirements; (ii) possesses the "largest financial interest in the relief sought by the class;" and (iii) "otherwise satisfy[ies] the requirements of Rule 23" for purposes of this Motion.

### 1. Movant's Motion Is Timely

The PSLRA enables any "member" of the purported class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action has been filed. *See* 15 U.S.C. §78u-4(a)(3)(A); 15 U.S.C. §77z-1(a)(3)(A). In connection with the filing of the first-filed action, the *Solak* Action, notice was published on December 12, 2013. *See* Declaration of Robert I. Harwood ("Harwood Decl."), Ex. A. Accordingly, the deadline to seek lead plaintiff status is February 10, 2014. Movant's motion is therefore timely. *Id.*

### 2. Movant Has the Largest Financial Interest in the Relief Sought by the Proposed Class

Movant suffered substantial losses from transactions in Sanofi shares during the Proposed Class Period. Movant suffered losses in excess of $340,000, regardless of whether a FIFO or LIFO analysis is utilized.[2] *See* Harwood Decl., Exs. B, C. To the best of Movant's knowledge, there are no other applicants seeking lead plaintiff appointment that have a larger financial interest in the outcome of the litigation on behalf of the Proposed Class. *See* 15 U.S.C. §78u-4(a)(3)(B); 15 U.S.C. §77z-1(a)(3)(B).

---

[2] FIFO and LIFO refer to the "first-in, first-out" and "last-in, first out" accounting methods respectively.

### 3. Movant Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); see also *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008). At the lead plaintiff stage, all that is required to satisfy Rule 23 is a preliminary showing that the proposed lead plaintiff's claims are typical and adequate. *See, e.g., In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, *prima facie* showing that his or her claims satisfy the requirements of Rule 23."). As set forth below, Movant amply satisfies the required showing of typicality and adequacy.

#### a. Movant Is Typical

Representative claims are typical if they are reasonably co-extensive with those of absent class members; they "need not be identical to the claims of the class to satisfy the typicality requirement." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). The typicality requirement is satisfied because Movant seeks the same relief and advances the same legal theories as other members of the Proposed Class, and is not subject to any unique or special defenses. Like all members of the Proposed Class, Movant seeks to recover for losses incurred as a result of Defendants' alleged misrepresentations and omissions and subsequent declines in the value of Sanofi shares. These shared claims, which are based on the common legal theories, and arise from the same events and course of conduct as the claims of the other class members, satisfy Rule 23(a)(3)'s typicality requirement. *See In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 207-08 (S.D.N.Y. 1995). ("Plaintiffs' claims are typical if they arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are

based on the same legal theory.") (internal citations omitted). Accordingly, Movant satisfies the typicality requirement.

### b. Movant Is Adequate

Adequacy is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). A party can fairly and adequately protect the interests of the class "if (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Baughman v. Pall Corp.*, 250 F.R.D. 121, 126 (E.D.N.Y. 2008) (quoting *In re Crayfish Co. Sec. Litig.*, No. 00 Civ.6766IDAB, 2002 WL 1268013, at *5 (S.D.N.Y. June 6, 2002)).

Movant meets these requirements. No antagonism exists between his interest and those of the absent class members; rather, the interests are squarely aligned. In addition, Movant has retained counsel experienced in prosecuting securities class actions vigorously and efficiently. *See* Harwood Decl., Exs. D, E. In addition, Movant incurred substantial financial harm (in excess of $340,000) from the applicable purchases of Sanofi shares due to Defendants' alleged misrepresentations and omissions and, therefore, has a strong interest in ensuring the vigorous prosecution of the Actions. *See* Harwood Decl., Exs. B, C. Finally, there is no evidence of collusion.

### C. The Court Should Approve Movant's Selection Of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *Pirelli*, 229 F.R.D. at 420. "[T]he [C]ourt should generally employ a deferential

standard in reviewing the lead plaintiff's choices." *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001). Here, Movant has selected the Weiser Firm to serve as Lead Counsel for the Proposed Class and Harwood Feffer to serve as Liaison Counsel for the Proposed Class. The Weiser Firm specializes in prosecuting complex class actions and derivative litigation and is one of the leading law firms in its field. As detailed in its firm resume,[3] the attorneys at the Weiser Firm have extensive experience litigating claims similar to those on file in the Related Actions. Additionally, Harwood Feffer has extensive experience litigating claims similar to those on file in the Related Actions in this Court.[4]

## IV. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff; and (3) approve its selection of the Weiser Firm as Lead Counsel and Harwood Feffer as Liaison Counsel for the Proposed Class.

Dated: February 10, 2014

**HARWOOD FEFFER LLP**

By:  /s Robert I. Harwood
Robert I. Harwood
Daniella Quitt
Samuel K. Rosen
488 Madison Avenue, 8th Floor
New York, NY 10022
Telephone: (212) 935-7400
Facsimile: (212) 753-3630

**THE WEISER LAW FIRM, P.C.**
Robert B. Weiser
Brett D. Stecker
Christopher L. Nelson
James M. Ficaro

---

[3] A copy of the Weiser Firm's firm resume is attached to the Harwood Decl. as Exhibit D.

[4] A copy of Harwood Feffer's firm resume is attached to the Harwood Decl. as Exhibit E.

22 Cassatt Avenue, First Floor
Berwyn, PA 19312
Telephone: (610) 225-2677
Facsimile: (610) 408-8062

**RYAN & MANISKAS, LLP**
Katharine Ryan
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Telephone: (484) 588-5516
Facsimile: (484) 450-2582

*Counsel for Movant Glenn Tongue and Deerhaven Capital Management*