UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN SOLAK, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SANOFI PHARMACEUTICALS, INC., CHRISTOPHER VIEHBACHER, DAVID MEEKER and JEROME CONTAMINE, <br><br> Defendants. | **No.:** 13-cv-08806-PAE |
| VINCENT STASIULEWICZ, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SANOFI PHARMACEUTICALS, INC., CHRISTOPHER VIEHBACHER, DAVID MEEKER and JEROME CONTAMINE, <br><br> Defendants. | **No.:** 13-cv-08991-PAE |

**[PROPOSED] ORDER CONSOLIDATING THE RELATED ACTIONS, APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL**

**WHEREAS**, the Court has considered the motions for Consolidation, Appointment of Lead Plaintiff and Approval of Counsel,

IT IS HEREBY ORDERED THAT:

**I. CONSOLIDATION**

1. Pursuant to Federal Civil Procedure Rule 42, the above captioned actions are hereby consolidated for all purposes into one action.

2. These actions shall be referred to herein as the "Consolidated Actions." This Order shall apply to the Consolidated Actions and to each case that is subsequently filed in this Court that relates to the same subject matter as in the Consolidated Actions.

3. Every pleading in this Consolidated Action shall bear the following Caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re Sanofi Pharmaceuticals, Inc. Securities Litigation** | No. _____ <br><br> CLASS ACTION |
| **THIS DOCUMENT RELATES TO:** | [TITLE OF DOCUMENT] |

4. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:" When the document applies to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the name of the first-listed plaintiff in said action.

5. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might not properly be consolidated as part of this Consolidated Action.

## II. MASTER DOCKET AND MASTER FILE

6. A Master Docket and Master File shall be established for the Consolidated Actions. The Master File shall be No. 13-cv-08806-PAE. All orders, pleadings, motions and other documents shall, when filed and docketed in the Master File, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, motion or document is filed with a caption indicating that it is applicable to fewer than all of these Consolidated Actions, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

## III. NEWLY-FILED OR TRANSFERRED ACTIONS

7. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred to this Court from another court, the Clerk of this Court shall:

   a. file a copy of this Order in the separate file for such action;
   b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and
   c. make the appropriate entry in the docket for this action.

8. Each new case which arises out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with this action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, files an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

9. During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer-generated and stored information and materials such as

computerized data and electronic mail, containing information that is relevant to or which may lead to discovery of information relevant to the subject matter of the pending litigation.

## APPOINTMENT OF LEAD PLAINTIFF AND CO-LEAD COUNSEL

10. Having reviewed all pending Motions and accompanying Memoranda of Law, the Court hereby appoints Jeffrey Maas ("Maas") and Assaf David Margalit ("Margalit") as Lead Plaintiff. Maas and Margalit satisfy the requirements for Lead Plaintiff pursuant to Section 21D(a)(3)(B)(iii) of the Private Securities Litigation Reform Act of 1995 ("PSLRA").

11. Lead Plaintiff, pursuant to Section 21D(a)(3)(B)(v), has selected and retained Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel for the Class in this action.

12. Plaintiff's Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

    (a) to coordinate the briefing and argument of motions;

    (b) to coordinate the conduct of discovery proceedings;

    (c) to coordinate the examination of witnesses in depositions;

    (d) to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

    (e) to call meetings of the plaintiff' counsel as they deem necessary and appropriate from time to time;

    (f) to coordinate all settlements negotiations with counsel for defendants;

    (g) to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    (h) to supervise any other matters concerning the prosecution, resolution or settlement of the Action.

13. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Co-Lead Counsel, so as to prevent duplicative

pleadings or discovery by plaintiff. No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

14. Counsel in any related action that is consolidated with this Action shall be bound by this organization of plaintiff's counsel.

15. Co-Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices.

16. Co-Lead Counsel shall be the contact between plaintiff's counsels, and shall direct and coordinate the activities of plaintiff's counsel.

17. Defendants shall affect service of papers on plaintiff by serving a copy of same on Co-Lead Counsel by overnight mail service, electronic or hand delivery. Plaintiff shall affect service of papers on defendants by serving a copy of same on defendants' counsel by overnight mail service, electronic or hand delivery.

**SO ORDERED.**

Dated: _____, 2014
      New York, New York

                                                   United States District Judge
                                                   Southern District of New York